THE STATE, NEW JERSEY RAILROAD AND TRANSPORTATION COMPANY, prosecutors, *vs.* COLLECTORS OF EAST, FIFTH, AND NINTH WARDS, NEWARK.

1. The exempting clause in the charter of the New Jersey Railroad and Transportation Company does not relieve from taxation every species of property which the company lawfully may hold, irrespective of its location and character, and the purposes to which it is appropriated, but is limited to such acquisitions as are incident to the existence of the railroad, to its objects and its uses, and are expedient and necessary for the full enjoyment of their franchises.

2. Vacant land outside of the sixty-six feet authorized to be taken by condemnation, and property of any nature held by tenants, and not at the time necessary for the existence of the road, or for effecting the purposes of the incorporation, are not exempt from taxation.

3. The power of taxation is an essential attribute of sovereignty, reaching to all property and persons belonging to a body politic. If the legislature grant an exemption from taxation to some corporations, nothing should be left to implication, but the extent of the intended relief must appear, and be clearly expressed in the legislative act.

*Nota bene.*—The case of *The State* v. *Commissioners of Mansfield*, 3. *Zab.* 510, fully sustained.

In error to the Supreme Court.

A. *Whitehead* and *W. L. Dayton*, for plaintiff in error.

*F. T. Frelinghuysen* and *J. P. Bradley*, for defendants.

The opinion of the court was delivered by

OGDEN, J. This case has been brought before the court by a writ of error, and we are asked to reverse a judgment of the Supreme Court, and to set aside certain assessments of taxes, made in 1850, by the proper ward officers of Newark, upon specific parcels of real estate within the limits of the city, belonging to " The New Jersey Railroad and Transportation Company."

The prosecutors in error claim that, by the provisions of their charter, they are exempted from all taxation, excepting the per centum paid to the state upon the true amount of their capital stock, and the transit duties imposed upon them, as expressly prescribed and directed in and by their act of incorporation. The city contends that the taxes in question were assessed upon certain real estate owned by the company, and not used by them for the purposes of their business, but occupied by others as their tenants, and hence are not within the operation of the exempting clause.

The affidavits which are presented in the state of the case prove that no part of the property upon which the taxes were levied was at the time used by the company for their business purposes; and they fail to show that any of it is within the sixty-six feet of land which the charter authorizes the company to take by condemnation. The provision in the eighteenth section of the charter, on which the company relies for exemption from liability to the taxes complained of, is in these words: " and that no other or further tax or imposition shall be levied or imposed upon the said company." This follows in immediate connection with the imposition of a per centum tax,

State v. Newark.

to be paid to the treasurer of the state, upon their capital stock.

The difficulty in the application of this privilege to the corporate immunities of the plaintiffs, as land-holders, arises from a difference of opinion as to the scope of the exemption; whether it extends to every species of property which the company lawfully may hold, irrespective of its location and character, and the purposes to which it is appropriated, or is limited to such acquisitions as are incident to the existence of the railroad, to its objects and its uses, and are expedient and necessary for the full enjoyment of their franchises.

The power to hold property, real and personal, was conferred upon the corporators and their successors for effecting the ends of their incorporation, to wit, the constructing, maintaining, and using for public convenience, a railroad of limited width, from the city of New Brunswick to the Hudson river, opposite to the city of New York, and such branches as are authorized by their charter. It is a sound rule of construction, that corporate franchises, being restrictive of individual rights, should not be extended beyond the letter and spirit of the act of incorporation. The taxing power is of vital importance to the existence of every branch of government. It is an essential attribute of sovereignty inherent in the people, imparted through their legislature to some municipal corporation, and not to be abridged in their hands by presumptive, but only by positive legislative enactments, clearly expressed. By the theory of a republican government, taxation reaches to all property and persons belonging to the body politic; every member in society is interested in its fair and equal exercise; the enjoyment of property within a state being protected by the laws of that state, such property should bear its proper share of the burthen required for upholding and executing those laws. While it is generally conceded that, for the purposes of encouraging learning, and of inducing, for the public benefit, invest-

ments of capital questionable in point of profit, and for promoting other commendable objects, state legislatures, without express constitutional authority, may relieve some institutions and aggregations of capital from liabilty to contribute, in common with all other property within a municipality, to the support of its government, yet such deliberate intent of a legislature must clearly appear.

When the act of incorporation was passed which we are considering, railroads were in their infancy, and, as an encouragement for capitalists to embark in an important undertaking, intended for public use and benefit, the legislature introduced into the charter the clause exempting the corporators from taxation ; nevertheless a limit must be placed upon acquisitions by the company, when organized, of property which would be within the exemption. It would be too restrictive, on the one hand, to say that the peculiar privilege should be confined to the land used immediately for the road-bed and the railroad, and not be extended to such appendages as are requisite for maintaining the works, carrying on the business, and furnishing suitable protection for goods and accommodations for travelers. On the other hand, it would be too liberal to adjudge that the exemption should reach all property which the company might choose to purchase and hold on speculation, or to meet the exigencies of some future anticipated legitimate business. This subject opens a wide field of discussion, and theories might be indulged in which seemingly could correctly govern all cases wherein similar questions may hereafter be presented ; but the matter immediately before us can be settled without a departure from the safe principle that a court should not ordinarily lay down a broader proposition of law than the case in hand requires.

The property assessed was not at the time used or occupied for the necessary purposes of the company, but it was in part lying vacant, and in part held by tenants. The question is not one of first impression in New Jersey.

The Camden and Amboy Railroad and Transportation Company, feeling themselves aggrieved by an assessment of taxes, in 1851, upon a portion of their property in the township of Mansfield, brought the subject before the Supreme Court for review. It appeared, from the return of the commissioners of appeal and the affidavits used in that argument, that the taxes complained against were assessed upon houses and lots owned by the company, and let by them to their workmen and employees, and not embraced within the strip of land authorized to be taken by the company for the purpose of constructing the railroad. The case was fully argued before the Chief Justice and Justices Elmer and Potts, and by the opinion read, it appears to have been very carefully considered by them. The exempting clause relied upon was in these words: "and that no other tax or impost shall be levied or assessed upon the said company." It is substantially, and almost identically, the language employed in the charter of the prosecutors of the writ of error in this case.

After critically examining the grounds upon which the case was placed, the Supreme Court said: "There must be a limit somewhere to this incidental power of the company to enlarge its operations and extend its property without taxation under this exemption clause; and that limitation, we think, must be fixed where the necessity ends, and the mere convenience begins. The necessary appendages of a railroad and transportation company are one thing, and their appendages, which may be convenient means of increasing the advantages and profits of a company, are another thing." It seems to me that in this case, which is reported in 3 *Zab.* 510, the Supreme Court established the proper criterion by which to limit the operation of these exempting clauses.

The case before us comes directly within the principle established in that case. The property taxed was—1st, a lot upon Market street, on a part of which a barber shop was standing and in use, the other part thereof lying

State v. Newark.

vacant; 2d, a double house upon another street, occupied by tenants; a lot and shop on the same street, occupied as a foundry by a third party on his own account, and a large shop used by tenants as a malleable iron foundry; 3d, a dock on the Passaic river, not in the line of the railroad as constructed, occupied by freighting merchants for general docking purposes; 4th, a dock upon the same river, still more remote from the railroad location, used as a business lumber yard; and 5th, another dock lot, contiguous to the railroad, likewise used by a tenant as a business lumber yard. None of the real estate assessed was at the time used by prosecutors for any purposes connected with the business for which they were incorporated; but, on the contrary, all of it undoubtedly was either vacant, or was held by tenants under rents, or for other equivalent compensation.

The rule which governed the case in 3 *Zabriskie* should settle the present one. When the case was heard in the court below by the same justices (with Justice Vredenburgh, reported in 1 *Dutcher* 315,) they decided that the taxes had been lawfully imposed upon the property. I have not detected any error in that decision, and am of opinion that the judgment of the Supreme Court should be affirmed, with costs.

*For affirmance*—Judges OGDEN, HAINES, RYERSON, VREDENBURGH, ARROWSMITH, RISLEY, VALENTINE, and WILLS.

*For reversal*—None.

CITED *in State* v. *City of Elizabeth*, 4 *Dutch.* 110; *State* v. *Parker, Receiver*, 3 *Vr.* 435; *Cook* v. *State*, 4 *Vr.* 478; *State* v. *Haight*, 6 *Vr.* 44; *State* v. *Hancock*, 6 *Vr.* 545; *State* v. *Collector of Middle Township*, 9 *Vr.* 271.